IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ELLISTON CALLWOOD,**

        **Petitioner,**

    v.                            CASE NO. 10-3182-RDR

**CLAUDE CHESTER,**

        **Respondent.**

**O R D E R**

As directed by the court, petitioner has submitted a signed pro se petition for seeking habeas corpus relief under 28 U.S.C. § 2241, and a signed motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915. Having reviewed petitioner's limited financial resources, the court grants petitioner leave to proceed in forma pauperis without prepayment of the $5.00 district court filing fee.

Petitioner cites his conviction in the United States District Court for the District of New Mexico on charges involving the possession and distribution of marijuana, and possession of a firearm. See *U.S. v. Callwood*, 66 F.3d 1110 (10th Cir. 1995)(affirming convictions on all counts, including three counts of possessing a firearm to facilitate drug trafficking in contravention of 18 U.S.C. § 924(c)(1)). Petitioner also cites a 28 U.S.C. § 2255 motion he filed in the sentencing court without success on claims that included a claim that his firearms convictions were invalid under *Bailey v. United States*, 516 U.S. 137 (1995). See *U.S. v. Callwood*, 161 F.3d 18 (10th Cir.1998)(dismissing the appeal, finding

no error in district court's dismissal of the § 2255 motion without a hearing).

Petitioner filed the instant action under § 2241 to further challenge the validity of his § 924(c) convictions and the consecutive sentences imposed. He reasserts a claim that he contends the Tenth Circuit failed to address in his direct appeal, namely that the criminal indictment was void, multiplicitous, duplicative, and violative of petitioner's rights under the Fifth, Sixth, and Eighth Amendment. He also claims he is actually innocent of the § 924(c) offenses, based on *Watson v. United States*, 552 U.S. 74 (2007), in which the Supreme Court interpreted that statute and held "a person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs." *Id*. at 83.

Petitioner's claims plainly attack his conviction and sentence. Section 2255 pertinently provides:

> A prisoner in custody under sentence of a [federal] court ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Regarding habeas corpus relief under § 2241, the statute further provides:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it

appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

A § 2241 petition has a distinct purpose from a § 2255 motion. A habeas corpus petition is available to attack the execution of a sentence rather than its validity. It is well established that § 2241 "is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir.1963)(per curiam), *cert. denied*, 377 U.S. 980 (1964).

A motion under § 2255 must be filed in the sentencing court, and is the "exclusive remedy" for challenging a sentence unless there is a showing that the remedy under § 2255 is inadequate or ineffective. See 28 U.S.C. § 2255; *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). The § 2255 remedy is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir.1999). The "extremely limited circumstances" in which § 2255 is not an adequate and effective remedy include circumstances when the sentencing court has been abolished or when the sentencing court refuses to consider § 2255 motion, inordinately delays consideration of a § 2255 motion, or is unable to grant complete relief. *Id*.

The remedy afforded under § 2255 also may be inadequate or ineffective if the gate-keeping language preventing a successive motion bars retroactive application of a Supreme Court case that

3

does not state a new rule of constitutional law but demonstrates the petitioner is actually innocent. See *Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir.2001). This "actual innocence" component to the savings clause test "capture[s] the idea that the incarceration of one whose conduct is not criminal 'inherently results in a complete miscarriage of justice." *Id*. at 904. The savings clause allowing for habeas review under § 2241 thus applies to a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id*.

In the present case, petitioner essentially acknowledges he is barred from pursuing relief under § 2255 based on *Watson*. That appears sound as any such motion would be time barred or barred as a second or successive petition.[1] This, however, does not render the remedy under § 2255 inadequate or ineffective. *Caravalho*, 1777 F.3d at 1178; *Williams*, 323 F.2d at 673.

Moreover, petitioner's challenge to the imposition of consecutive prison terms under § 924(c) was clearly raised this claim in his direct appeal without success. See *Callwood*, 66 F.3d

---

[1] 28 U.S.C. § 2255(h) does not authorize a time-barred or successive collateral attack premised on a new decision reflecting reinterpretation of a statute. See *Davis v. United States*, 417 U.S. 333 (1974); *Watson v. United States*, 552 U.S. 74 (2007). See also *Ulloa v. Ledezma*, No. 08-064-W, 2009 WL 481997, at *3 (W.D.Okla, Feb. 25, 2009)(holding decision in *Watson* "does not establish a new rule of constitutional law and, therefore, Petitioner cannot proceed in a successive § 2255 motion").

4

at 1114 (finding no merit to Callwood's claim of constitutional error in three consecutive prison terms for three convictions under § 924(c)(1), and finding Callwood forfeited review of his bare and unsupported claim that his sentence violated the Eighth Amendment). And in his § 2255 motion, petitioner challenged without success the validity of his firearm convictions in light of *Bailey. Callwood*, 161 F.3d at **1-2 (further noting the denial of relief under § 2255 was not changed the Supreme Court's clarification of "carry" under § 924(c)).

Finally, petitioner's claim of "actual innocence" under *Watson* is not well founded, as it appears petitioner was charged under the "possession" prong in § 924(c)(1)(A) with possessing a gun in furtherance of drug trafficking, rather than under the "use" prong decided in *Watson*.[2] Accordingly, petitioner has not shown there is "a retroactively applicable Supreme Court decision which established that [he] may have been convicted of a nonexistent offense," *Reyes-Requena*, 243 F.3d at 904, and presents no clear evidence of actual innocence for purposes of being allowed to proceed under § 2241 to remedy a "fundamental miscarriage of justice" if his § 924(c)

---

[2]18 U.S.C. § 924 reads in part:
"(c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime ... for which the person may be prosecuted in a court of the United States, uses or carries a firearm, *or who, in furtherance of any such crime, possesses a firearm*, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime–[be sentenced as directed in the statute]..." (emphasis added).

convictions are allowed to stand.  See *U.S. v. Apodaca*, 90 Fed.Appx 300, 304 n.10 (10th Cir.2004)(unpublished)("We agree with the reasoning of the Fifth Circuit in *Reyes-Requena* that recourse to the § 2241 remedy will be unavailing unless accompanied by a clear showing of actual innocence" as distinguished from legal innocence).

The court thus directs petitioner to show cause why the petition should not be dismissed for lack of jurisdiction under § 2241 because petitioner has not demonstrated the "savings clause" in § 2255 has been satisfied in this action.  The failure to file a timely response may result in the petition being dismissed without prejudice for lack of subject matter jurisdiction, and without further prior notice to petitioner.

IT IS THEREFORE ORDERED that petitioner's motions for leave to proceed in forma pauperis (Docs. 2 and 5) are granted.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the petition should not be dismissed for lack of subject matter jurisdiction.

DATED:  This 24th day of November 2010, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge