IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ELLISTON CALLWOOD,

        Petitioner,

  v.                                    CASE NO. 10-3182-RDR

CLAUDE CHESTER,

        Respondent.

**O R D E R**

Petitioner, a prisoner incarcerated in a federal correctional facility in Kansas, proceeds pro se and in forma pauperis on a petition seeking a writ of habeas corpus under 28 U.S.C. § 1915 on allegations that his confinement pursuant to his District of New Mexico conviction violates the Constitution and law of the United States. Finding petitioner was attempting to further challenge the legality of his conviction and sentence, the court directed petitioner to show cause why the petition should not be dismissed for lack of subject matter jurisdiction because petitioner made no showing that the remedy afforded under 28 U.S.C. § 2255 was inadequate or ineffective. Having reviewed petitioner's response, the court concludes the petition should be dismissed.

Petitioner was convicted on charges involving the possession and distribution of marijuana, and possession of a firearm. See *U.S. v. Callwood*, 66 F.3d 1110 (10th Cir. 1995)(affirming convictions on all counts, including three counts of possessing a firearm to facilitate drug trafficking in contravention of 18 U.S.C.

§ 924(c)(1)). *See also U.S. v. Callwood*, 161 F.3d 18 (10th Cir.1998)(dismissing the appeal, finding no error in district court's dismissal of § 2255 motion on claims that firearm convictions were invalid).

Petitioner filed the instant action under § 2241 to further challenge the validity of his § 924(c) convictions and the consecutive sentences imposed, claiming the criminal indictment was void, multiplicitous, duplicative, and violative of petitioner's rights under the Fifth, Sixth, and Eighth Amendment. Petitioner also claimed "actual innocence" of the § 924(c) offenses, based on *Watson v. United States*, 552 U.S. 74 (2007).

In response to the court's show cause order, petitioner continues to claim his confinement is unlawfully based on a conviction for non-existent offense that was never charged nor found by a jury, and cites a recent Supreme Court case[1] and proposed federal legislation[2] for support. Petitioner fails to address, however, how this court has jurisdiction under § 2241 to consider such claims.

A motion under § 2255 filed in the sentencing court is the "exclusive remedy" for challenging a sentence unless there is a showing that the remedy under § 2255 is inadequate or ineffective. *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). See also 28

---

[1]*U.S. v. O'Brian*, 560 U.S. __, 130 S.Ct. 2169 (2010)(under statute prohibiting the use or carrying of a firearm in relation to a crime of violence or drug trafficking crime, fact that the firearm was a machine gun was an element of the offense to be proved to the jury beyond a reasonable doubt, rather than a sentencing factor).

[2]House Resolution 2933, Firearm Recidivist Sentencing Act of 2009.

U.S.C. § 2255(e)(§ 2241 habeas application by prisoner authorized to pursue relief under § 2255 motion is not to be entertained absent a showing the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention").

Petitioner makes no such showing, thus this court lacks jurisdiction to consider petitioner's application for habeas corpus relief under § 2241.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is dismissed without prejudice for lack of subject matter jurisdiction.

DATED: This 4th day of January 2011, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge